UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 18-cr-24 |
| RICHARD PINEDO, | **UNDER SEAL** |
| Defendant. | |

UNITED STATES' MOTION TO FILE
SEALED MATERIALS AND FOR SEALED PROCEEDINGS

The United States, by and through undersigned counsel, asks for an Order directing the Clerk's Office to issue a public miscellaneous case and to file this motion and proposed order, under seal, on that docket. The United States further asks for an Order granting leave to file sealed materials, including plea materials; to close the courtroom during the defendant's plea hearing; and to seal this motion and proposed order. The proposed motion to seal defendant's plea agreement and to close the courtroom for the plea hearing, together with the signed plea materials, are attached to this motion as Appendix A.

I.     Reasons for Granting Leave to File Sealed Materials

1.     The Court has the inherent power to seal court filings when appropriate. *See United States v. Hubbard*, 650 F.2d 293, 315–16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). The Court may also seal filings to prevent serious jeopardy to an ongoing criminal investigation when, as in the present case, such jeopardy creates a compelling governmental interest in preserving the confidentiality of the information. *See Washington Post v. Robinson*, 935 F.2d 282, 287–89 (D.C. Cir. 1991). In this case, sealing is necessary to avoid possible material prejudice to the ongoing investigation.

2. Defendant Richard Pinedo (defendant) is a California resident who, from approximately 2014 through December 2017, provided online services designed to circumvent the security features of online payment processors, to include selling bank account numbers without authorization from the account holders. The defendant has not made an initial appearance in any federal court regarding the charges as alleged in the Information filed in this matter.

3. Discussions between the government and the defendant have culminated in a proposed plea agreement, under which the defendant will plead guilty to an Information charging him with identify fraud, in violation of 18 U.S.C. § 1028(a)(7). The agreement incorporates a statement of the offense setting forth the factual basis for the guilty plea, which explains that the charge and accompanying plea are based on the defendant's having sold bank account numbers without authorization from the account holders to individuals, some of whom were located outside the United States. Some of these individuals used the unauthorized bank account numbers obtained from the defendant to circumvent the security measures of online payment processors.

4. On February 7, 2018, this Court granted a written motion to seal the Information. *Cf.* Local Criminal Rule 49(e)(4) (providing that "the filing of every . . . document [prior to the initial appearance of a criminal defendant] under seal shall not require a motion to seal"). The Government now moves for leave to file sealed materials, including the plea agreement, and to close the courtroom during the defendant's plea hearing, tentatively scheduled for Monday, February 12, 2018, at 2:30 pm.

5. Herea, sealing is necessary to avoid possible material prejudice to a particular facet of the Special Counsel's investigation, namely, a Russian-backed operation that used social media platforms, through fraud and deceit, to interfere with the U.S. political system, including the 2016

U.S. presidential election. Premature disclosure of the nature of the charges against the defendant may alert other subjects to the direction and status of the investigation. Once alerted to this development, potential subjects and targets may destroy or tamper with evidence or otherwise seriously jeopardize the investigation.

6. The United States has considered alternatives less restrictive than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to avoid potential material prejudice to this investigation.

## II. Period of Time That the Government Seeks To Have Matter Remain Under Seal.

7. The government requests that this motion, any order, and the proposed sealed documents remain sealed until the need to maintain the confidentiality of these materials expires, after which time the United States will move to unseal the materials. The government will promptly advise the Court if it is determined that sealing is no longer required to protect the interests at stake here.

WHEREFORE, the United States respectfully requests an Order directing the Clerk's Office to issue a public miscellaneous case and to file this motion and proposed order, under seal, on that docket; for leave to file sealed materials, including plea materials, and to close the courtroom during the defendant's plea hearing.

Date: February 8, 2018

Respectfully submitted,

Robert S. Mueller, III
Special Counsel

By: _____
Jeannie S. Rhee
L. Rush Atkinson
Ryan K. Dickey
The Special Counsel's Office