Jeremey I. Lessem
Lessem, Newstat & Tooson, LLP
3450 Cahuenga Blvd., Unit 102
Los Angeles CA, 90068
Telephone: (818) 582-3087
Facsimile: (818) 484-3087

Attorney for Richard Pinedo

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| | : | |
| V. | : | Case No.: 18-CR-24 |
| | : | |
| | : | |
| RICHARD PINEDO | : | |

DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM REGARDING THE APPLICATION OF USSG 2B1.1(b)(2)(A)(i)

I.      PROCEDURAL BACKGROUND

Richard Pinedo is before the Court as a result of pleading guilty to a violation of Title 18 USC Section 1028, commonly referred to as identity fraud. The plea was negotiated pre-indictment and included an agreement to cooperate with the Office of the Special Counsel in its ongoing investigation. Sentencing is scheduled to take place on October 10, 2018.   On October 4, 2018, the Honorable Judge Dabney L. Friedrich requested that the parties, through supplemental briefings, address whether section 2B1.1(b)(2)(A)(i) of the U.S. Sentencing Guidelines applies in the instant matter.

1

Mr. Pinedo, by and through defense counsel, argues that this section does not apply and cannot be used to further enhance his total offense level (which currently stands at 13). The basis for this position is that the number of victims in this case is not known by either party, and any effort to determine such a number would be speculative. Further, the Defendant has not agreed to or acknowledged any specific number of victims in this case as part of the plea agreement or Statement of the Case. Finally, the defense believes that any contention contained within the Government's Sentencing Memorandum pertaining to the number of victims was either stated in error, or constitutes an assertion being made for the first time that lacks corroboration.

## II.     ARGUMENT

A.     INTRODUCTION

Section 2B1.1(b)(2) of the U.S. Sentencing Guidelines provides for enhancements to the total offense level if a certain number of victims were impacted by the offense. Subsection (A)(i) of section 2B1.1(b)(2) provides that if the offense, "involved 10 or more victims . . . increase by 2 levels. . ."

The application notes to §2B1.1 define "victim" to include any person who sustained "actual loss" in the form of "reasonably foreseeable pecuniary harm." However, effective November 1, 2009, an amendment to the application notes broadened the definition of victims in cases of identity theft. When a "means of identification" is involved, a victim is defined as "any individual whose means of identification was used unlawfully or without authority."  This definition does not require any "actual" or pecuniary loss.

2

B.     THE NUMBER OF VICTIMS CANNOT BE DETERMINED BY A PREPONDERANCE OF THE EVIDENCE

If the government seeks an enhancement based on the number of victims, it must prove the number by a preponderance of the evidence. *United States v. Arnaout*, 431 F.3d 994, 999 (7th Cir. 2005); *United States v. Showalter*, 569 F.3d 1150, 1160 (9th Cir. 2009)(citing to *United States v. Burnett*, 16 F.3d 358, 361 (9th Cir. 1994)). Moreover, "[t]he Guidelines do not, allow a district court to 'estimate' the number of victims to enhance a sentence under § 2B1.1(b)(2). [citation]." *Showalter*, 569 F.3d at 1160 (9th Cir. 2009).

In *Showalter*, the Ninth Circuit Court held that the District Court for the Central District of California erred when it enhanced defendant Showalter's sentence by four points for "50 or more" victims. *Id*. at 1160. Showalter objected and conceded that he had stipulated to at least ten victims, but never to 50 or more. *Id*. The government, at that point, was obliged to put on "some evidence to support its contention that there were 50 or more victims." *Id*.

The Ninth Circuit held that relying solely on the Presentence Report statement regarding a phone call to the bankruptcy trustee indicating the number of victims in the case, and a list of victims attached to the Presentence Report was insufficient. *Id*. at 1161. There was no indication as to how the bankruptcy trustee arrived at the number of victims, and there was no explanation as to the source or accuracy of the list of victims attached to the Presentence Report. *Id*.

In the instant matter, both the Presentence Report, paragraph 24, as well as the Statement of the Case, paragraph 6, state, "[i]n total defendant Pinedo knowingly transferred, possessed, and used without lawful authority, *hundreds of bank account numbers*..." (Presentence Report,

3

October 2, 2018, page 7, paragraph 24)(emphasis added). In this case the word "*hundreds*" modifies "*bank account numbers*". There is no admission by the defendant, nor any other indication whatsoever, that hundreds of *people* were affected.

We simply do not know how many different identities were used to open these hundreds of accounts. Indeed, at the outset, Mr. Pinedo used his own identity to open dozens of accounts in his own name. Later, he utilized a total of two sources he found online to provide additional bank account numbers. These bank account numbers were completely anonymous. There were no names or other identifying information connected to these accounts. Therefore, Mr. Pinedo had no information as to whether the accounts he was purchasing belonged to one or more specific individuals. In short, the number of bank accounts involved simply does not correlate to the number of victims.

Moreover, when Mr. Pinedo proffered to the Special Counsel's Office, he specifically stated that he had no knowledge as to how the wholesalers of these bank account numbers obtained the information he was purchasing. Mr. Pinedo stated he didn't know to whom these accounts belonged, or whether they belonged to more than one person. As a result, the language in the Statement of the Case was chosen carefully, to coincide with the Defendant's proffered testimony, that "hundreds of bank account numbers" were involved, while intentionally remaining silent on the issue of the number of victims.

In its October 4, 2018 Minute Order, this Court quoted the Government's Sentencing brief, specifically highlighting the sentence, "Mr. Pinedo sold hundreds *of persons'* bank account numbers to anonymous customers on the internet." (Government's Sentencing Memorandum at 3, Dkt. 24)(emphasis added). This quoted language in the Government's brief is the first time the


Government has brought up an allegation regarding the number of victims effected. This language is uncorroborated, unproven, and goes beyond anything the defendant has agreed or admitted to in any court record or document. Specifically, this language is not present in the plea agreement, Presentence Report or the Statement of the Case. It is the Defendant's belief that the word "persons," was likely included in the Government's brief in error and is not an attempt to allege facts outside the scope of the agreement between the parties. To the extent that the Government may believe this case involves "hundreds of persons," that allegation is unsubstantiated by the known facts and uncorroborated by the defense.

### III.   CONCLUSION

For the foregoing reasons, the enhancement described in 2B1.1(b)(2)(A)(i) of the U.S. Sentencing Guidelines is not applicable in the instant matter and should not be used to increase Mr. Pinedo's offense level. No evidence has been, or can be presented, to prove by a preponderance of the evidence that Mr. Pinedo's actions effected ten or more victims.


Respectfully Submitted,

/S/ Jeremy Lessem

LESSEM, NEWSTAT & TOOSON, LLP
Attorney for Richard Pinedo